# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRUCE M. SKOORKA, | : | Civil Action No. 16-3842 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| KEAN UNIVERSITY, et al., | : | |
| Defendants. | : | |
| BRUCE M. SKOORKA, | : | Civil Action No. 17-5484 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | |
| KEAN UNIVERSITY, et al., | : | OPINION |
| Defendants. | : | |

## I. INTRODUCTION

Before the Court is a motion by Kean University, The Board of Trustees of Kean University and the State of New Jersey to consolidate two matters currently pending before the Court, *Skoorka v. Kean University, et al.*, 16-3842 (KM) (MAH) ("the 2016 Action"), and *Skoorka v. Kean University, et al.*, 17-5484 (KM) (MAH) ("the 2017 Action"), and to stay discovery in the consolidated cases pending completion of proceedings initiated in the New Jersey Office of Administrative Law. Def's. Mot. To Consolidate Cases and Stay Discovery, the 2016 Action, Mar. 22, 2019, D.E. 55. Each matter was brought by the same Plaintiff, Dr. Bruce M. Skoorka, who opposes both the motion to consolidate and the motion to stay. Pl's. Opp'n. Br., the 2016 Action, July 2, 2019, D.E. 66.

The Court has considered the motion, opposition, reply, sur-reply, as well as two additional letters by the parties. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Undersigned has decided this motion on the papers and without oral argument. For the reasons set forth below, the motion to consolidate cases and stay proceedings is granted in part and denied in part.

## II. BACKGROUND

Dr. Bruce M. Skoorka was a tenured associate professor of Economics and Finance at Kean University beginning in 1996 and continuing through 2015. Opin., the 2017 Action, Mar. 11, 2019, D.E. 38. Beginning in 2007, Dr. Skoorka filed suit in this federal court against Kean University and other related entities for discrimination allegedly based on his status as an individual of Jewish faith, harassment, and retaliation. *Id.* at 3-4. There have been several suits filed by Dr. Skoorka concerning the same overarching claims of discrimination and retaliation, although at different time periods during his employment with Kean. *Id.* Dr. Skoorka filed an action in 2007,[1] which was amended and refiled in 2009, and subsequently consolidated with a second lawsuit filed by Dr. Skoorka in 2014 against the same defendants. *Id.* at 3. The 2009 and 2014 cases remain pending. *Id.* at 5.

The 2016 Action was filed on June 2, 2016 in the United States District Court for the Southern District of New York. Compl., The 2016 Action, June 2, 2016, D.E. 1. It was then transferred to this Court *sua sponte* on June 28, 2016. Order, the 2016 Action, June 28, 2016, D.E. 3. The 2017 Action was filed on March 10, 2017 in the United States District Court for the Eastern District of New York and was subsequently transferred *sua sponte* to this Court on July

---

[1] Dr. Skoorka also filed a state court action in 2001, but this is not relevant to the current discussion and the Court only mentions it for purposes of completeness.

2

21, 2017. Order, the 2017 Action, July 21, 2017, D.E. 4. In each case, the allegations are nearly identical. *See generally* Compl., the 2016 Action, June 2, 2016, D.E. 1; Compl., the 2017 Action, Apr. 10, 2017, D.E. 1.

In the 2016 Action, Dr. Skoorka alleged six counts against the Kean University, the State of New Jersey, the Board of Trustees of Kean University ("the Kean Defendants"), and Kean Federation of Teachers, the Council of New Jersey State College Locals, the American Federation of Teachers ("the Union Defendants"), and several individuals in their official capacity as Kean University employees and individually. Compl., the 2016 Action, June 2, 2016, D.E. 1. Each count alleged unlawful harassment, unlawful employment practices, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq.*, in addition to claims of harassment and discrimination under the New Jersey Law Against Discrimination, the New Jersey Conscientious Employee Protection Act, the New York City Human Rights Law, and the New York State Human Rights Law. *Id.* at 13-24. All claims in the 2016 Action have since been dismissed against all Defendants, save for Dr. Skoorka's Title VII claims for retaliation against: 1) the Kean Defendants for allegedly retaliating against him for filing lawsuits and EEOC charges that claimed religious discrimination; and 2) the Union Defendants for allegedly retaliating against him by breaching their duty of fair representation when they failed to press his grievances against Kean. Order, the 2016 Action, June 26, 2018, D.E. 45.

The 2017 Action centers on alleged violations under Title VII of the Civil Rights Act of 1964, alleging harassment, discrimination, and retaliation against the same Kean and Union Defendants as in the previous actions. Compl., the 2017 Action, Apr. 10, 2017, D.E. 1. United States District Judge Kevin McNulty dismissed the Title VII discrimination claims against the

3

Kean Defendants and the Title VII retaliation claims against the Kean Defendants, "except for those based on nonteaching assignments and unfounded disciplinary proceedings." Order, the 2017 Action, Mar. 11, 2019, D.E. 39. All claims against the Union Defendants in the 2017 Action were also dismissed. *Id.*

The remaining claims in both cases are those for retaliation under Title VII against: 1) the Kean Defendants based on Dr. Skoorka's demotion to a non-teaching position and disciplinary actions by Kean University against Dr. Skoorka (in both the 2016 and 2017 Actions); and 2) the Union Defendants for retaliating against him by breaching their duty of fair representation when they failed to press his grievances against Kean (in only the 2016 Action).[2] Order, the 2017 Action, March 11, 2019, D.E. 39; Order, the 2016 Action, March 19, 2019, D.E. 39. Dr. Skoorka claims Kean's actions in denying him a teaching schedule in 2014 and 2015 were unfounded. *See generally* Compl., the 2017 Action, Apr. 10, 2017, D.E. 1.

On March 22, 2019, the Kean Defendants moved to consolidate the 2016 and 2017 Actions and stay discovery pending resolution of four proceedings in the Office of Administrative Law concerning disciplinary actions by Kean against Dr. Skoorka. Def's. Mot. to Consolidate and Stay Discovery, the 2016 Action, Mar. 22, 2019, D.E. 55. The administrative proceedings concern the same controversy as the 2016 and 2017 Actions and have been consolidated into a single proceeding which is still pending. *Id.* The Union Defendants do not oppose the motion. Letter, the 2017 Action, Mar. 28, 2019, D.E. 43. Dr. Skoorka has filed an

---

[2] Dr. Skoorka alleges that in retaliation for his lawsuits filed against Kean University, Kean refused to reinstate his teaching status after he completed a semester of non-teaching duties. *Id.* The Kean Defendants counter that all of Plaintiff's claims are baseless and were not a form of retaliation, but a response to Plaintiff's work performance being "below expectations, deficient, and/or sub-par." Def's. Answer, the 2017 Action, Mar. 19, 2019, D.E. 40, at 5. In addition, the Kean Defendants assert several affirmative defenses, including the assertion that all of their disciplinary policies are reasonable and not retaliatory in nature. *Id.*

4

opposition to the motion. Pl's. Opp'n. Br., the 2016 Action, July 2, 2019, D.E. 66. The Kean Defendants filed their reply brief on June 7, 2019. Reply Brief, June 7, 2019, D.E. 61. Plaintiff sought leave to file a sur-reply, which was granted on June 20, 2019. Order, June 20, 2019, D.E. 64. Plaintiff filed his sur-reply on June 25, 2019. Letter, June 24, 2019, D.E. 65. The Kean Defendants filed a letter with the Court on August 9, 2019 to notify the Court that the hearing dates on the appeals before the OAL have been moved from September 2019 to February 2020. Letter, Aug. 9, 2019, D.E. 67. Plaintiff filed a letter with the Court on August 26, 2019, objecting to Defendants' August 9, 2019, letter because they did not seek leave of Court before filing the letter. Letter, Aug. 26, 2019, D.E. 68.

## III.  ANALYSIS: CONSOLIDATION AND STAY OF DISCOVERY

### A. *Consolidation of the 2016 and 2017 cases*

The Kean Defendants proffer that under Federal Rule of Civil Procedure 42, the 2016 and 2017 Actions should be consolidated. Def's. Mot. To Consolidate and Stay Discovery, the 2016 Action, Mar. 22, 2019, D.E. 55. Rule 42 provides that a court may consolidate actions before it if they "involve a common question of law or fact." Fed. R. Civ. P. 42. The Kean Defendants argue that consolidation is proper because Judge McNulty's March 11, 2019 Opinion "establish[es] that Dr. Skoorka's 2016 and 2017 Cases should be consolidated because they share both questions of law and questions of fact."[3] Mot. to Consolidate, the 2016 Action, D.E. 55, March 22, 2019, at 5-6.

---

[3] In his March 11, 2019 Opinion, Judge McNulty determined that "[w]ith some exceptions, the factual allegations raised in Dr. Skoorka's current 2017 Complaint . . . are updates of his 2016 Action – *i.e.*, they are similar in nature but are alleged to begin after the factual allegations of the 2016 Action end." Opinion, the 2017 Action, March 11, 2019, D.E. 38.

5

Dr. Skoorka opposes the request to stay, arguing that "(1) there are differences in factual allegations in the Federal Actions, those cases concern separate time frames, and the cases are fact-specific; (2) there is 'the danger of confusion' and 'undue prejudice'; and (3) consolidation will not promote judicial efficiency." Pl's. Opp'n. Br., the 2016 Action, July 2, 2019, D.E. 66, 8-9. However, Plaintiff does not support these conclusory statements with any further detail.

Pursuant to Federal Rule of Civil Procedure 42, if actions before the Court involve a common question of law or fact, the Court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). "The Third Circuit recognizes that this rule confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *April Denise Williams v. USA*, *et al*., Civil Action No. 18-14455, 2018 WL 4929390, at *6 (D.N.J. Oct. 11, 2018) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)) (internal quotation marks omitted). Rule 42 also "grants the court broad discretionary powers to order consolidation if it would . . . avoid unnecessary costs or delay." *Durso v. Samsung Elecs. Am., Inc.*, No. 12-5352, 2014 WL 1232332, at *1 (D.N.J. Mar. 24, 2014) (citing *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993)). "[W]hen exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Murrell v. City of Hackensack*, Civil Action No. 16-2913, 2017 WL 4317387, at *2 (D.N.J. Sept. 28, 2017) (citing *Margolis v. Hydroxatone, LLC*, Civil Action No. 11-4355, 2013 WL 875987, at *2 (D.N.J. Mar. 6, 2013)). "The mere existence of common issues, however, does not require consolidation." *Id*. (citing *ACR Energy Partners, LLC v. Polo N.*

6

*Country Club, Inc.*, 309 F.R.D. 193, 194 (D.N.J. 2015)) (internal quotation marks omitted). "Nor can administrative or judicial efficiency serve, on its own, as a basis to consolidate." *ACR Energy*, 309 F.R.D. at 194.

The Court finds that consolidation of the 2016 and 2017 Actions is proper and best serve the interests of judicial efficiency and economy. The 2016 and 2017 Actions have been pared down to not only common questions of law and fact, but nearly identical claims by the same Plaintiff against the same Defendants. *See* Order, the 2016 Action, June 26, 2018, D.E. 45; Order, the 2017 Action, Mar. 11, 2019, D.E. 39. Plaintiff contends that because the 2016 action and the 2017 action were originally brought under different statutes, they should not be consolidated. Pl's. Opp'n. Br., the 2016 Action, D.E. 66, July 2, 2019, at 4. However, the Court properly considers consolidation of the cases as they presently exist, not as they were originally filed. As noted above, each case now concerns only Dr. Skoorka's Title VII claims for retaliation based on Dr. Skoorka's relegation to a nonteaching position and disciplinary actions taken against him by Kean University. The only notable differences between the cases were the legislative acts alleged to give the Plaintiff a right to relief, which is now a moot point.[4] Denying consolidation of these matters would waste judicial resources, particularly since these controversies generally date back many years and are similar in nature. While Plaintiff correctly sets forth factors for the Court to consider when addressing a motion for consolidation, *e.g.*, Plaintiff argues that there are factual differences between the two actions, he will suffer undue prejudice and consolidation will not promote judicial economy. However, he completely fails to provide support for these conclusory statements. Pl's. Opp'n. Br., the 2016 Action, July 2, 2017,

---

[4] These include the claims in the 2016 action under the New York State Human Rights Law that have since been dismissed.

D.E. 66, at 8-9. For example, Plaintiff does not explain how he will suffer undue prejudice if these actions are consolidated, or why consolidation of these actions does not promote judicial economy. Without more, the Court cannot find that consolidation is inappropriate.

Consolidation, here, serves the interests of judicial efficiency, conserves the resources of the parties and the Court, avoids duplication of discovery and motion practice, and avoids inconsistent pretrial rulings. Moreover, consolidation here would not create any foreseeable prejudice since Dr. Skoorka is entitled to seek the same relief in a consolidated case as he is in each case separately. Consolidation of the 2016 and 2017 Actions is therefore appropriate. For the aforementioned reasons, Defendants' motion to consolidate is **granted**.

### B. *Stay of Discovery*

Defendants also seek a stay of discovery in the consolidated cases pending resolution of an administrative appeal currently pending in the Office of Administrative Law ("OAL"). Def's. Mot. To Consolidate Cases and Stay Discovery, the 2016 Action, D.E. 55, March 22, 2019, at 6. The Kean Defendants contend that a stay of these now-consolidated actions is warranted because Dr. Skoorka "is appealing the same disciplinary actions and non-teaching assignments that he challenges in the 2016 and 2017 Cases before this Court in four administrative [and consolidated] matters pending before the OAL." *Id.*

There appears to be some confusion concerning what exactly the Kean Defendants are requesting in this portion of their motion. They begin by asserting that the stay is warranted under the *Younger* abstention doctrine, which in itself conflates an abstention with a stay. *Id.* at 8-9. An abstention would require the court to relinquish jurisdiction over the matter entirely, whereas a stay would temporarily halt proceedings pending resolution of the administrative

8

matters. If the Defendants are indeed requesting an abstention rather than a stay, the *Younger* doctrine does not apply in this circumstance for several reasons.

In the *Younger* case, Plaintiff Harris was indicted on state criminal charges and subsequently filed a complaint in federal court seeking enjoinment of the state prosecution based on allegations that the law he was charged under was unconstitutional. *Younger v. Harris*, 401 U.S. 37 (1971). The relevant portion of the opinion held that in criminal proceedings, state courts should generally be free from interference by federal courts and this maxim is only trumped by certain limited circumstances. *Id.* at 751. The *Younger* abstention doctrine has since been extended to both civil cases and administrative proceedings. *See Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005). The United States Court of Appeals for the Third Circuit has held that there are three requirements to be met before the *Younger* abstention doctrine may apply: "(1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the claims." *Id.* (citations omitted). Turning to the first requirement, it is possible that the present federal proceeding may interfere with the OAL's ability to rule in the disciplinary matters, since they involve the same parties and the same conduct during the same time frame. However, the second requirement is not met here because Defendants have failed to establish that the instant controversy implicates important State interests. Whether Dr. Skoorka was unfairly disciplined and deserves to be reassigned to a teaching position or not certainly implicates the parties' interests, but Defendants fail to establish that those issues implicate a matter of state importance. Additionally, the Defendants concede that Dr. Skoorka will not be entitled to the same relief under Title VII in the OAL proceedings as he would in a federal

proceeding. Therefore, Dr. Skoorka would not be able to fully litigate his Title VII claims in the OAL hearings. Accordingly, the third requirement also is not met. Since all three criteria must be met for *Younger* to apply, abstention in this matter is inappropriate.

Even if, as the Court strongly suspects, the Defendants are in fact asking for a stay of discovery and not abstention, the Courts finds that a stay of discovery is not warranted. Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a motion to dismiss only when there is a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.*, 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007); Fed.R.Civ.P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"). Further, a finding of "good cause" requires a balancing of the interests of the parties, the interest of the court, and the public interest in a just, speedy, and efficient adjudication of the claims. *See In re Plastics Additives Antitrust Litig.*, Civ. No. 03-2038, 2004 WL 2743591, at *5 (E.D. Pa. Nov. 29, 2004). It is also the court's responsibility to "keep its docket moving to provide litigants with a timely and effective resolution of their claims." *See id.* "Courts generally weigh a number of factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present clear tactical disadvantage to the non-moving party[,]; (2) whether denial of stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case[,]; and (4) whether discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotation marks omitted).

Indeed, courts generally do not favor granting motions to stay discovery "because when discovery is delayed or prolonged it can create case management problems which impede the

court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (internal citations and quotation marks omitted). Nonetheless, this Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Coyle*, 2009 WL 1652399, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted).

Defendants argue that proceeding in discovery with this case "may result in an unnecessary waste of resources." Def's. Mot. To Consolidate and Stay Discovery, the 2016 Action, Mar. 22, 2019, D.E. 55, at 11 (citations omitted). The Court rejects this argument. These cases have been ongoing for three years, and a stay at this juncture would unduly prejudice Plaintiff who is entitled to both a timely and effective resolution of his claims. *In re Plastics Additives Antitrust Litig.*, Civ. No. 03-2038, 2004 WL 2743591 at *7 (E.D. Pa. Nov. 29, 2004). Defendants have also not shown that denying a stay would cause hardship or inequity to them. Concerning discovery, it appears that no meaningful discovery has yet commenced in either the 2016 or the 2017 case and it is high time for these proceedings to get under way. In light of the fact that the hearings before the OAL on Plaintiff's appeals are not until February 2020, the Court finds that a stay will cause further delay in these actions that have already been dragging on for years without any meaningful discovery. Additionally, a stay will not simplify the issues in these actions. Moreover, because the Plaintiff cannot obtain the same relief before the OAL on his Title VII claims before this Court, additional discovery will be required here regardless of the OAL's decision. Balancing the interests of the parties and the interests of the court, the scales tip in favor of allowing this case to move forward and be resolved as expeditiously as possible.

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion to consolidate *Skoorka v. Kean University, et al.*, 16-3842 (KM) (MAH), and *Skoorka v. Kean University, et al.*, 17-5484 (KM) (MAH) is **granted**. Defendants' motion to stay discovery is **denied**. The Court will issue an order consistent with this Opinion.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

Dated: September 19, 2019