UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not For Publication**

| | |
|---|---|
| Bruce M. Skoorka, | Civil Action No. 16-3842(MEF)(MAH) |
| *Plaintiff,* | |
| v. | **OPINION and ORDER** |
| Kean University, et al., | |
| *Defendants.* | |

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the procedural history and facts.

This is a case based on an allegation of retaliation in violation of Title VII[1] by a professor[2] against his former employer, a university.

The Defendants[3] move for summary judgment on three grounds. The motion is denied.

\*   \*   \*

First, the Defendants argue no adverse employment action was taken against the Plaintiff. See Memorandum of Law in Support

---

[1] To establish retaliation under Title VII, "a plaintiff must tender evidence that: (1) [he] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against h[im]; and (3) there was a causal connection between h[is] participation in the protected activity and the adverse employment action." Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (cleaned up), as amended (Sept. 13, 2006); see also Carvalho-Grevious v. Delaware State Univ., 851 F.3d 249, 257 (3d Cir. 2017).

[2] The professor is the Plaintiff, Bruce M. Skoorka.

[3] The moving Defendants are: Kean University, the Board of Trustees of Kean University, and the State of New Jersey.

1

of the Kean Defendants' Motion for Summary Judgment ("Motion for Summary Judgment") at 6-9.

This issue was resolved previously. This Court held in 2018 that the reassignment of the Plaintiff to a nonteaching role constituted an adverse employment action within the meaning of Title VII. See Opinion at 18-21 (June 26, 2018).

Seeking to reargue this issue, the Defendants point to a newly-decided case. See Motion for Summary Judgment at 6-8. But that case, State (Kean Univ.) v. Council of N.J. State Coll. Locs. AFT, 2022 WL 2675357 (N.J. Super. Ct. App. Div. July 12, 2022), does not mention Title VII. It does not allude to retaliation. It does not relate to the Plaintiff, who was not a party to the case.

And in any event, it is obvious that shifting a professor from a teaching to a nonteaching job can constitute an adverse employment action in this context. Such a change, for example, could plainly make it harder for the professor to be considered for other teaching positions, or could badly impact the professor's professional development and reputation. See generally Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (in the Title VII retaliation context, to establish that an action is adverse, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (cleaned up).

\*     \*     \*

Second, the Defendants argue that no reasonable jury could find a causal connection between: (a) the adverse employment action and (b) the Plaintiff's protected activity. See Motion for Summary Judgment at 9-14.

But the Plaintiff and the Defendants offer conflicting factual accounts about the causal connection between (a) and (b). See generally Gavin v. Peoples Nat. Gas Co., 613 F.2d 482, 484 (3d Cir. 1980) ("Summary judgment is inappropriate if there remains in the case a genuine issue as to any material fact.").

It is undisputed the Plaintiff was given a nonteaching assignment in January of 2015. See Statement of Undisputed Material Facts in Support of the Kean University Defendants' Motion for Summary Judgment ("Defendants' Rule 56 Statement") ¶

17; Plaintiff's Memorandum of Law in Opposition to Kean Defendants' Motion for Summary Judgment ("Opposition to Summary Judgment"), Ex. 9.

And neither party disputes this was around the time the Plaintiff undertook protected activity. See Motion for Summary Judgment at 12-13; Opposition to Motion for Summary Judgment at 10.

But beyond that, the parties' accounts diverge.

The Defendants rely on a certification from a university official, and it supplies a non-retaliatory explanation for why the Plaintiff was given a nonteaching assignment. See id.; Defendants' Rule 56 Statement ¶¶ 11-12, 14-39, 47, 51;⁴ see generally Certification of Dr. Jeffrey H. Toney. Per the certification: (1) the decision to move the Plaintiff to a nonteaching assignment was made by the university official alone, (2) this was not done as a punishment, but (a) to give the Plaintiff time to complete a required evaluation that he had not done and (b) to allow for the Plaintiff to focus more on research and scholarship, and (3) when he acted, the university official was unaware of the substance of the Plaintiff's complaints (but knew there were pending lawsuits). See Certification of Dr. Jeffrey H. Toney ¶¶ 3-5, 12, 19.

The Plaintiff's account is materially different.

---

[4] The Defendants argue the Plaintiff's response to their Rule 56 statement does not comply with the relevant local rule. See Reply at 1-2. The Defendants contend that, as a result, "[a]ll of the statements in the Defendants' [Rule 56 statement] should be deemed admitted." Id. at 2. But the Plaintiff is pro se. This Court routinely rejects arguments that facts are to be admitted against pro se plaintiffs based on alleged non-compliance with the local rule in question here. See Athill v. Speziale, 2009 WL 1874194, at *2 (D.N.J. June 30, 2009); Folsom v. Superior Ct. of N.J., Middlesex Vicinage, 2008 WL 1782236, at *4 (D.N.J. Apr. 17, 2008); Jordan v. Allgroup Wheaton, 218 F.Supp.2d 643, 646 n. 2 (D.N.J. 2002), aff'd, 95 F. App'x 462 (3d Cir. 2004). And there is ample support for this approach. See, e.g., Ullrich v. U.S. Sec'y of Veterans Affs., 457 F. App'x 132, 137 (3d Cir. 2012); see generally Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998).

The Plaintiff's evidence is that he was told he was reassigned because of a failure to attend professional development sessions in January of 2015. See Videoconference Deposition of Bruce M. Skoorka at 109:21-110:15 (attached as Exhibit 3 to the Opposition to Summary Judgment). And the Plaintiff's evidence is this amounts to disparate treatment --- other employees, per the Plaintiff, did not attend the sessions but were not sanctioned. See id.

The Third Circuit has held that in cases (as here) which "center around a single question: why did the employer take an adverse employment action against [a] plaintiff? . . . . summary judgement is . . . rarely appropriate" as "this is clearly a factual question." Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 509 (3d Cir. 1996) (cleaned up); see also Sempier v. Johnson & Higgins, 45 F.3d 724, 732-33 (3d Cir. 1995) (the "paradigmatic case in which each party has produced testimony and evidence that conflicts on the ultimate issue", why the employer took an adverse action, "must be resolved by a jury and cannot be resolved on summary judgment"). "Simply by pointing to evidence which calls into question the defendant's intent, the plaintiff raises an issue of material fact which, if genuine, is sufficient to preclude summary judgment." Marzano, 91 F.3d at 509-10 (cleaned up).

To be sure, mere temporal proximity between protected conduct and an adverse employment action may not be sufficient to make out a Title VII retaliation claim. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007). But temporal proximity can serve as evidence of retaliation when combined with "inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record." Id. at 232-33. That is the case here. The university official says the Plaintiff was reassigned for one reason. The Plaintiff says he was given another reason. These are "inconsistencies in the employer's articulated reasons[.]"

* * *

Third and finally, the Defendants argue, summary judgment must be granted because the Plaintiff has produced no evidence of damages. See Motion for Summary Judgment at 15-16.

But as the Defendants acknowledge, the Plaintiff "alleges that he suffered from emotional distress from the assignment to non-teaching duties." Id. at 15. And evidence supports this

4

allegation. See Videoconference Deposition of Bruce M. Skoorka at 160:8-161:11 (attached to the Opposition to Summary Judgment as Ex. 3) (testimony as to headaches that "can last weeks, even months"). This counts as evidence of damages, as "Title VII plaintiffs may recover emotional distress damages with only their own testimony." Hampton v. Prot. Plus Sec. Corp., 2017 WL 714351, at *5 (D.N.J. Feb. 23, 2017); see also Williams v. Care, 2016 WL 4478810, at *5 (E.D. Pa. Aug. 25, 2016); cf. Bolden v. Se. Pennsylvania Transp. Auth., 21 F.3d 29, 34 (3d Cir. 1994) ("[W]e are persuaded that the approach taken by our sister circuits which have dispensed with a requirement of expert testimony to corroborate a claim for emotional distress is more consistent with the broad remunerative purpose of the civil rights laws.")

Against this conclusion, the Defendants press two arguments.

First, they argue that damages cannot be apportioned between the emotional distress caused by (a) the Plaintiff's being given a nonteaching assignment, and (b) other acts taken by the Defendants that relate to now-dismissed claims (and, thus, are no longer actionable). See Motion for Summary Judgment at 15-16.

But the Defendants fail to cite any case for the proposition that such uncertainty is a sufficient basis for granting summary judgment. And it is hard to see why a jury cannot simply be instructed to focus on the damages which flow from a specific act of alleged misconduct by the Defendants as opposed to damages caused by other sources. Juries routinely are instructed in a similar manner in, for example, bread-and-butter personal injury cases.

Second, the Defendants suggest the Plaintiff was not forthcoming in discovery about the emotional distress he allegedly suffered as a result of the Defendants' actions. See Motion for Summary Judgment at 15-16. This could, at least conceivably, form a basis for a motion in limine to limit the damages the Plaintiff can ultimately claim at trial. And it could also, possibly, support a motion to reopen discovery. But it is not a reason to grant a summary judgment motion, and the Defendants do not cite a case that says so.

5

\*   \*   \*

The Defendants' motion for summary judgment is denied.

IT IS on this 4th day of December, 2023, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.